**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 12, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-20778

RICHARD FIESS AND STEPHANIE FIESS,

Plaintiffs-Appellants,

versus

STATE FARM LLOYDS

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas

Before HIGGINBOTHAM, DENNIS, and CLEMENT, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

In June 2003, a federal district court granted summary judgment in favor of the defendant, State Farms Lloyds, holding, *inter alia*, that the Fiesses' Homeowners Form B (HO-B) policy did not cover mold contamination. The Fiesses appealed, claiming that the ensuing-loss provision did cover such mold contamination, and urging that, in any event, the mold contamination was also covered by an exclusion-repeal provision for plumbing and HVAC leaks.

On December 7, 2004, this court declined to consider the Fiesses' exclusion-repeal argument, noting that we lacked jurisdiction to address the issue due to a defect in the Fiesses'

Notice of Appeal.[1]  In that same opinion, this court certified the ensuing-loss question to the Supreme Court of Texas, thus:

> Does the ensuing loss provision contained in Section I-Exclusions, part 1(f) of the Homeowners Form B (HO-B) insurance policy as prescribed by the Texas Department of Insurance, effective July 8, 1992 (Revised January 1, 1996), when read in conjunction with the remainder of the policy, provide coverage for mold contamination caused by water damage that is otherwise covered under the policy?

On August 31, 2006, the Supreme Court of Texas issued its opinion in response to our certified question, holding that the ensuing-loss provision did not provide coverage for mold contamination.[2] In light of this decision by the Supreme Court of Texas, the judgment of the district court is

AFFIRMED.

---

[1]The factual circumstances and procedural history of this case are fully recounted in our published opinion certifying the question. *Fiess v. State Farm Lloyds*, 392 F.3d 802 (5th Cir. 2004).

[2]*See Fiess v. State Farm Lloyds*, 202 S.W.3d 744 (Tex. 2006).